**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

JEFFREY BATTE, ET AL.                                                                    PLAINTIFFS

V.                                                            Civil Action No. 3:06-CV-510-HTW-LRA

JAMES D. TAYLOR, ET AL.                                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

Before the court is individual defendants Deputy Otis Craig's ("Deputy Craig") and Deputy James Taylor's ("Deputy Taylor")[1] motion for summary judgment submitted pursuant to Fed. R. Civ. P. 56(b)[2] and (c).[3]  The Deputies assert the plaintiffs have failed to state sufficiently a claim under Title 42 U.S.C. § 1985[4] against them.  This

---

[1] Deputy Otis Craig ("Craig") and Deputy James Taylor ("Taylor") will be collectively referred to as "the Deputies."

[2] Fed. R. Civ. P. 56(b) states that "a party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim."

[3] Fed. R. Civ. P. 56(c) states, in pertinent part, that "the judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

[4] Title 42 U.S.C. § 1985 states that a person conspires to interfere with the civil rights of another:

> (2) [...] If two or more persons in any State [...] conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict,

court agrees.

## II. Statement of Relevant Facts

On August 8, 2006, Deputy Taylor and Deputy Craig of the Scott County, Mississippi, Sheriff's Department ("the Sheriff's Department") were involved in a verbal, and subsequently physical, confrontation with Jeffery Batte ("Batte") at a Shell service station in Forest, Mississippi.

The Deputies then arrested Batte for the crime of assault on a police officer. Officers from the Forest Police Department arrived on the scene and transported Batte to the Scott County Detention Center ("the Detention Center"). That same evening, Judy Batte, Jeffery Batte's mother; Larry Batte, Jeffery Batte's father; Melissa Batte, Jeffery Batte's wife; and Tracy Wamble ("Wamble"), Jeffery Batte's sister, traveled to

---

> presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any matter, the due course of justice in any State [...], with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;
>
> (3) [...] If two or more persons in any State [...] conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State [...] from giving or securing to all persons within such State [...] the equal protection of the laws; [...] in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

the Detention Center and attempted to secure Batte's release from police custody. While there, Judy Batte allegedly threatened to kill Deputy Taylor. Officer Joey Hall, who is not a defendant in this lawsuit, issued a report which detailed Judy Batte's threat against Deputy Taylor, and officers from the Forest Police Department subsequently arrested her. Jeffery Batte, nonetheless, remained in police custody until a judge permitted him to be released on bond on August 9, 2006. Several days after Batte's release from jail, the police also arrested Batte's employee, Ty Ainsworth ("Ainsworth"), for interfering with Deputies Craig and Taylor's duty of trying to arrest Batte.

On August 10, 2006, Wamble and co-plaintiff Laura Franklin ("Franklin") visited the Shell service station where the police had arrested Batte. Wamble and Franklin left the Shell station traveling north on Interstate Highway 35. As Wamble and Franklin neared the Sheriff's Department on Highway 35, defendant Officer Gerald Greer ("Officer Greer") allegedly pulled his vehicle alongside Franklin and Wamble's vehicle. According to Wamble, Officer Greer rolled down his truck window, held out his police badge, and instructed Wamble and Franklin to pull their car off the road. Wamble admits that Franklin then yelled to inform Officer Greer that she was not going to pull her vehicle off the highway.

Franklin claims she next turned her car off of Highway 35 and drove toward the Sheriff's Department. Franklin, though, still did not stop her vehicle when she and Wamble arrived at the Sheriff's Department; instead, Franklin drove further down the highway, finally stopping her car in a Wal-Mart shopping center parking lot. Officer Greer allegedly then approached Franklin's vehicle and informed the plaintiffs that he was arresting them for causing a disturbance at the Shell station when trying to obtain

the station's surveillance video of Batte's August 8, 2006, arrest.

Franklin, a private investigator, claims she informed Officer Greer that she had gone to the Shell station solely to serve a subpoena. Franklin and Wamble, nonetheless, followed Officer Greer to the Sheriff's Department, as he allegedly instructed them. Once the parties entered the Sheriff's Department, the police questioned and then released Franklin and Wamble.

*Pro se* plaintiffs Jeffrey Batte, Judy Batte, Tracy Wamble, Laura Franklin, and Ty Ainsworth filed the instant action against Deputy Craig, Deputy Taylor, Officer Greer, and Scott County, Mississippi. The plaintiffs' complaint alleges the following claims: (1) Jeffrey Batte's Title 42 U.S.C. § 1983 excessive force and state law assault and battery claims against Deputies Craig and Taylor; (2) Tracy Wamble's and Laura Franklin's illegal search and seizure and false arrest claims against Officer Greer; (3) Judy Batte's and Ty Ainsworth's false arrest claims against Scott County, Mississippi; and (4) all of the plaintiffs' Title 42 U.S.C. § 1985 conspiracy claims against all of the defendants.

On December 18, 2007, this court entered an order dismissing, with prejudice, based on qualified immunity Batte's claims for excessive force, assault, and battery and Ainsworth's claims for false arrest. Individual defendants Deputy Craig and Deputy Taylor now move the court to dismiss the remaining Title 42 U.S.C. § 1985 conspiracy to interfere with civil rights claims brought against them by plaintiffs Judy Batte, Tracy Wamble, and Laura Franklin.

### III. <u>Analysis</u>

#### A. Summary Judgment Standard

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [Deputies Craig and Taylor are] entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). In determining whether a genuine dispute exists as to any material fact, the court must consider all of the evidence in the record but refrain from making any credibility determinations or weighing the evidence. *Id.* (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)). The court instead makes all reasonable inferences in favor of the non-moving party, *Reeves*, at 150; "[h]owever, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner,* at 343 (internal quotations omitted).

#### B. The Plaintiffs' Title 42 U.S.C. § 1985 Claim

To succeed on their Title 42 U.S.C. § 1985(3) claim, the plaintiffs must prove the following: (1) a conspiracy between two or more people; (2) for the purpose of depriving a person or class of people of the equal protection of the laws or of equal privileges and immunities under the laws; and (3) an act committed in furtherance of the conspiracy that injures a person or deprives him of a right or privilege of a citizen of the United States. *See Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987); *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001); *Earnest v.*

*Lowentritt*, 690 F.2d 1198, 1202 (5th Cir. 1982); *Wong v. Stripling*, 881 F.2d 200, 203-04 (5th Cir. 1989).  Section 1985(3) requires, though, that there must be "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798, 29 L. Ed. 2d 1049 (1983);  *Daigle v. Gulf State Util. Co.*, 794 F.2d 974, 978 (5th Cir. 1986);  *Horaist*, 255 F.3d at 270;  see also *Word of Faith World Outreach Ctr. Church v. Sawyer*, 90 F. 3d 118, 124 (5th Cir. 1996) ("Essential to the [§ 1985(3)] claim […] is that the conspiracy be motivated by a racial animus.");  *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 345 (en banc), *cert. denied*, 454 U.S. 1110, 102 S. Ct. 687, 70 L. Ed. 2d 651 (1981).

Courts determine the merits of Title 42 § 1985(2) claims by analyzing Section 1985 in two parts.  *Daigle*, 794 F.2d at 979 (citing *Kush v. Rutledge*, 460 U.S. 719, 725, 103 S. Ct. 1483, 1487, 75 L. Ed. 2d 413 (1983)).  "The first part of Section 1985(2) proscribes conspiracies that interfere with the administration of justice in federal court, and the second part proscribes conspiracies that interfere with the administration of justice in state court."  *Daigle*, 794 F.2d at 979 (citing *Kush v. Rutledge*, 460 U.S. 719, 725, 103 S. Ct. 1483, 1487, 75 L. Ed. 2d 413 (1983)).  The equal protection language in the second part of Section 1985(2) parallels the language in Section 1985(3).  Thus, the Fifth Circuit has held that "the *Griffin* race [or] class-based animus requirement of [Section] 1985(3) also applies to claims under the second part of Section 1985(2)."  *Daigle*, 794 F.2d at 979 (citing *Kimble*, 648 F.2d at 346).  The first part of Section 1985(2) does not require race or class-based animus; however, "it does require that

there have been an interference with the *federal* court system." *Daigle*, 794 F.2d at 979-80.

Here, the plaintiffs have failed to present evidence that they were victims of a racial or class-based conspiracy, any discriminatory intent on the part of the defendants, or an act committed in furtherance of a conspiracy.  Thus, even assuming as true the facts as alleged by the plaintiffs, this court finds that the plaintiffs have not satisfied the racial or class-based requirements of Section 1985(3) and the second part of Title 42 U.S.C. § 1985(2).  Further, the plaintiffs' allegations against Deputy Craig and Deputy Taylor do not involve interference with the federal court system.  Therefore, the plaintiffs have also failed to state sufficiently a claim under the first part of Title 42 U.S.C. § 1985(2).

IT IS, THEREFORE, ORDERED AND ADJUDGED defendants Deputy Otis Craig's and Deputy James Taylor's motion for summary judgment on the plaintiffs' Title 42 U.S.C. § 1985 claims is granted.

**SO ORDERED, this the 30th day of March, 2008.**

**s/ HENRY T. WINGATE**
_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:06-CV-510-HTW-LRA
Memorandum Opinion and Order