**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**JUDY BATTE, TRACY WAMBLE,
and LAURA FRANKLIN**                                                                       **PLAINTIFFS**

**V.**                                                           **CASE NO. 3:06cv510 HTW-LRA**

**JAMES D. TAYLOR, OTIS CRAIG,
GERALD GREER and SCOTT
COUNTY, MISSISSIPPI**                                                                      **DEFENDANTS**

### REPORT AND RECOMMENDATIONS OF
### UNITED STATES MAGISTRATE JUDGE

This case is before the undersigned Magistrate Judge on the Motion for Summary Judgment [55] filed by Defendants Scott County, Mississippi, and James Taylor, Otis Craig and Gerald Greer, in their official capacities. On July 13, 2013, Judge Wingate referred the motion to the undersigned for Report and Recommendation on its merits.

Having considered the pleadings and the record in this case, the undersigned Magistrate Judge recommends that Defendants' Motion for Summary Judgment [55] be granted and that this case be dismissed with prejudice.

### FACTS AND PROCEDURAL HISTORY

On September 15, 2006, the Plaintiffs filed their original Complaint in this matter. The Complaint alleges six causes of action, including claims of excessive force and assault and battery by Plaintiff Jeffrey Batte brought against Defendants James Taylor and Otis Craig; illegal search and seizure claims and claims of false arrest brought by Plaintiffs Tracy Wamble and Laura Franklin against Defendant Gerald Greer; claims of false arrest brought by Plaintiffs Judy Batte and Ty Ainsworth against Scott County,

Mississippi; and a conspiracy claim brought by all of the Plaintiffs against all of the Defendants, pursuant to 42 U.S.C. §1985.

The claims asserted by Plaintiffs Jeffrey Batte, Judy Batte and Ty Ainsworth arose out of events which allegedly took place on August 8, 2006, beginning with a confrontation between Jeffrey Batte and Ty Ainsworth and law enforcement personnel at a Shell Station in Forest, Mississippi. As a result of their individual involvement in this altercation, Plaintiffs Jeffrey Batte and Ty Ainsworth were arrested. Plaintiff Judy Batte arrived on the scene as Forest Police Officer Joey Hall was preparing to transport her son. According to a Statement of Fact submitted by Officer Hall to the Scott County Sheriff's Department, Plaintiff Judy Batte approached her son in the presence of Hall. Officer Hall reported that Judy Batte "advised that something was going to be done with [Deputy James Taylor], she was going to kill him. She was going to blow his damn head off." After this threat was reported to the Scott County Sheriff's Department by Officer Hall, Deputy James Taylor prepared an Affidavit regarding the threat. An arrest warrant for Judy Batte was issued by the Justice Court of Scott County, and she was arrested and charged with simple assault. The Statement of Fact submitted to Deputy Taylor by Joey Hall, a police officer from another jurisdiction, clearly evidenced a threat of serious bodily harm to Deputy Taylor. Furthermore, the threat was from the mother of the man who had just been arrested and was later convicted for assaulting this same officer. The arrest of Judy Batte was based on this arrest warrant, and was clearly supported by

probable cause. As such, Plaintiff Judy Batte cannot be said to have suffered any constitutional harm.

The claims asserted by Plaintiffs Tracy Wamble and Laura Franklin arise out of events which took place on August 10, 2006, when they were questioned by Defendant Gerald Greer about their attempts to obtain materials from the Shell Station which related to the ongoing criminal investigation of the events of August 8, 2006, being conducted by the Sheriff's Department.

Plaintiffs Jeffrey Batte and Ty Ainsworth ultimately were convicted of criminal charges for their actions of August 8, 2006.

On August 10, 2006, Deputy Investigator Gerald Greer of the Scott County Sheriff's Department received a telephone call complaining that two women had gone to the Shell Station on Highway 35 and were attempting to take the store security video which showed the August 8, 2006, incident wherein Jeffrey Batte and Ty Ainsworth had an altercation with Deputies Taylor and Craig. Deputy Greer responded to this call.

Deputy Greer approached the suspicious persons as they were driving North on Highway 35, after having pulled away from the Shell Station. As Deputy Greer caught up with the suspicious persons, he rolled down his window and held out his Sheriff's Department badge while yelling for the driver of the vehicle to pull over. The vehicle did not immediately stop. After further pursuit, Plaintiff Laura Franklin, the driver, told Deputy Greer she was "going to the police station," and headed in that direction. However, after pulling into the police station (less than ½ mile away), the car again did not stop. Instead, the driver (Plaintiff Franklin) pulled out and went back to the main road.

Deputy Greer continued to pursue the vehicle. When Plaintiff Franklin finally did pull her vehicle over, Greer inquired why she had not pulled over at the police station, and he instructed them to go to the Sheriff's Department for questioning.

Once at the Sheriff's Department, Deputy Greer questioned the women about the incident. He inquired into the identities of the women and asked them why they were attempting to take the surveillance video from the store. At no time did Plaintiff Wamble reveal she was Jeffrey Batte's sister. Rather, the women informed Deputy Greer that Plaintiff Franklin worked as a private investigator and delivered subpoenas for an attorney. Deputy Greer explained that he had received a phone call that someone was trying to take the video and that there was an active criminal investigation underway. After the situation was discussed, the women left the Sheriff's Department. Further charges were not pursued. By the Plaintiffs' own account, the amount of time that lapsed from when they first encountered Deputy Greer and he instructed them to pull over, until the time all questioning at the Sheriff's Department was concluded, was 35 minutes.

By Order filed December 18, 2007, [49] this Court dismissed the claims of Jeffrey Batte and Ty Ainsworth in their entirety.

On March 11, 2008, a comprehensive Motion for Summary Judgment [55] was filed by the remaining defendants. A motion hearing was held before the Court on April 10, 2008, with respect to the claims of Gerald Greer. In an Order dated April 29, 2008, the Court granted summary judgment in favor of Gerald Greer. Specifically, this Court found that the conduct of Deputy Gerald Greer was objectively reasonable and that Greer

4

was entitled to qualified immunity on all federal claims asserted against him by the Plaintiffs. Furthermore, the Court found that there was no reckless disregard by Gerald Greer and there was an absence of any maintainable conspiracy or other state law claim. As such, the only claims which currently remain pending in this matter are the illegal search and seizure and false arrest claims brought by Plaintiffs Tracy Wamble and Laura Franklin against Defendant Gerald Greer; the claim of false arrest brought by Plaintiff Judy Batte against Scott County, Mississippi; and a conspiracy claim brought by Plaintiffs Wamble, Franklin and Batte against the County.

This Court set Defendants' pending Motion for Summary Judgment for hearing on August 16, 2013.  On July 30, 2013, notices of the motion hearing were mailed to Judy Batte, Laura Franklin and Tracy Wamble, at the most recent addresses provided by them to the Court.  These notices were not returned as undeliverable, nor was any objection to the hearing date raised by any of the Plaintiffs.

On August 16, 2013, J. Lawson Hester and Michelle T. High, counsel for the Defendants, appeared before the undersigned for the hearing on Defendants' Motion for Summary Judgment.  The Plaintiffs failed to appear at the hearing and did not call or otherwise report a conflict.  Defense counsel orally moved to dismiss the case for failure to prosecute and on the grounds set forth in the Motion for Summary Judgment.  The Court directed defense counsel to submit Proposed Findings of Fact and Conclusions of Law, and they did so on September 9, 2013.  The undersigned adopts and incorporates Defendants' submission in this Report and Recommendation to Judge Wingate.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure establishes that summary judgment is appropriate when the record demonstrates "that there is no genuine issue as to any material fact and that the moving parties are entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the movant shows that no genuine issue of material fact exists, the burden shifts to the non-moving party to set forth specific facts to establish a genuine issue of material fact, without resting upon mere allegations. When presented with a summary judgment motion, the Court's burden is to "examine each issue in the light most favorable to the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986). The moving party must demonstrate that summary judgment is justified; the non-moving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## ANALYSIS

To the extent the Plaintiffs have asserted claims against James Taylor, Otis Craig and Gerald Greer, in their official capacities, such claims are the legal equivalent of the Plaintiffs having named Scott County, Mississippi as the Defendant. *Brandon v. Holt*, 469 U.S. 464, 471-72(1985); *Bennett v. Pippin,* 74 F.3d 578, 584 (5th Cir. 1996). In *Monell v. Department of Social Services*, 436 U.S. 658, 692, 98 S.Ct. 2018 (1978) the U.S. Supreme Court held that in order to hold a local governmental entity liable under 42 U.S.C. § 1983, the Plaintiff must prove that a policy, custom or practice of the local governmental entity was the "moving force" behind the constitutional violation. *Monell*,

436 U.S. at 694, 98 S.Ct. at 2037-38. Therefore, in the case *sub judice*, Scott County, Mississippi, and Taylor, Crag and Greer in their official capacities, cannot be liable under 42 U.S.C. § 1983 for acts which allegedly violated Plaintiff Judy Batte's constitutional rights unless the harmful acts proximately resulted from a policy, custom or practice of the Scott County which evinced objective deliberate indifference to Plaintiff Batte's constitutional rights. *Grabowski v. Jackson County Public Defenders Office,* 79 F.3d 478, 479 (5th Cir. 1996) (en banc) *(citing Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996)(en banc)). Additionally, under a Fourteenth Amendment analysis, Plaintiff Batte must also provide genuine evidence that such a policy, custom or practice was adopted or maintained with objective deliberate indifference. *Grabowski*, 79 F.3d at 479 (citing *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (*en banc*)). Herein, Judy Batte has never alleged that her arrest resulted from such a policy or practice, nor has she asserted any claims against the Scott County Sheriff, the only individual with policy making authority for the Scott County Sheriff's Department. Furthermore, there is no evidence in the record that would support the existence of such an official policy by the County, even if Batte had asserted such a claim.

In their Complaint Plaintiffs Wamble and Franklin allege they were subjected to illegal searches and seizures and were falsely arrested. Just as the Fourth and Fourteenth Amendments apply to custodial arrests, the Fourth Amendment applies to a police officer's brief detention of a person for purposes of investigating a crime or obtaining that person's identity. *Brown v. Texas*, 443 U.S. 47, 50, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979).

Any such detention must satisfy the Fourth Amendment's reasonableness standard. *Id*. An investigative stop may be made provided the officer has a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a felony, *United States v. Hensley*, 469 U.S. 221, 229, 105 S.Ct. 675, 680, 83 L.Ed.2d 604, 612 (1985), or as long as the officers have "some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *U.S. v.Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 695 (1981). Reasonable cause for an investigatory stop may be based on an officer's personal observation or on an informant's tip if it bears indicia of reliability. *Adams v. Williams*, 407 U.S. 143, 147, 92 S.Ct. 1921, 1924 (1972). In situations where a motor vehicle has been lawfully detained, the police officer may order the driver to get out of the vehicle without violating the Fourth Amendment's prohibition against unreasonable searches and seizures. *Pennsylvania v. Mimms*, 434 U.S. 106, 98 S.Ct. 330 (1977).

The record evidence shows that Deputy Gerald Greer responded to a citizen call regarding the attempts of unknown persons to obtain evidence critical to an ongoing felony criminal investigation without the knowledge or consent of law enforcement. Deputy Greer personally observed the subjects about whom he had received the call driving North on Highway 35 in a vehicle that did not have a valid registration tag. After identifying himself as law enforcement to Laura Franklin and Tracy Wamble, the women refused to pull over. By the time the Deputy was finally was able to get the Plaintiffs' vehicle to stop, Deputy Greer had clear probable cause for making the stop. Specifically,

the fact that Greer had received a call from the Shell Station employee informing him that people were attempting to obtain the store's security video despite an ongoing felony criminal investigation; the fact that Greer observed them driving without a valid tag; and, the fact the women failed to stop after Greer identified himself as law enforcement personnel and made a lawful request for the women to pull over, all contribute to the existence of probable cause.

At no place in their Complaint do Plaintiffs Judy Batte, Tracy Wamble and Laura Fanklin allege that a policy, custom or practice of Scott County, Mississippi, maintained with deliberate indifference, resulted in any Constitutional harm to them sufficient to maintain an actionable claim pursuant to 42 U.S.C. §1983. Even if such an allegation had been alleged, the record evidence does not support such a claim.

To state a claim under 42 U.S.C. § 1985(2), Plaintiffs must prove either (1) a conspiracy "designed to deny or interfere with equal protection rights" or (2) "a nexus between the alleged conspiracy and a proceeding in federal court." *Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir.1981). To state a claim under 42 U.S.C. § 1985(3), Plaintiffs must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir.1994). In so doing, the Plaintiffs must show that the conspiracy was motivated by a class-based animus.

9

In this case, Plaintiffs' Complaint contains two paragraphs alleging conspiracy. These paragraphs contain no factual averments whatsoever. Although it is presumed that the Plaintiffs are asserting an obstruction of justice or denial of equal protection of the laws, the Plaintiffs do not identify which protected class, if any, they claim to belong to. Additionally, the Plaintiffs do not allege the relation of any conspiracy to a federal court proceeding.  As such, Plaintiffs have not articulated any possible claim under 42 U.S.C. § 1985(2).  Giving consideration to the possibility of an assertion of a cause of action under 42 U.S.C. §  1985(3), it again becomes apparent Plaintiffs have not specified in their Complaints what specific acts were allegedly taken in furtherance of a conspiracy, or to what protected class the Plaintiffs belong, if any.

Furthermore, any official capacity claims against Deputies Taylor, Craig and Greer are, essentially, actions against Scott County, Mississippi, as a political subdivision of the State of Mississippi.  As Scott County cannot conspire with itself, it is equally impossible for the County to conspire with its employees, to the extent they are named in their official capacities.  The Plaintiffs' conspiracy claims against Scott County, Mississippi and the official capacity defendants fail as a matter of law.

Any state law claims are subject to and barred by the Mississippi Tort Claims Act, as codified at Miss. Code Ann. § 11-46-1, *et seq*.  Defendants are alleged to be state actors, pursuant to their performance of a public function and employment status.  The record establishes as a matter of law that the actions taken by the individual deputies were based upon the exercise or performance of discretionary functions, for which immunity is

enjoyed, and did not rise to the level of reckless disregard so as to waive the County's immunity.

## CONCLUSION

In the undersigned's opinion, the evidentiary record and the parties' submissions do not create any genuine issue of material fact sufficient to preclude the entry of judgment in favor of Scott County, Mississippi, and James Taylor, Otis Craig and Gerald Greer, to the extent they remain parties to this suit as official capacity defendants, pursuant to Fed. R. Civ. P. 56.  The Plaintiffs cannot establish a *prima facie* case of liability against the Defendants, and dismissal pursuant to Fed. R.Civ. P. 56  is appropriate.

These Plaintiffs failed to appear for the hearing on Defendants' motion, and they have filed no written submission to negate any of the assertions set forth by Defendants in the motion.  Accordingly, it is the undersigned's opinion that no genuine issue of material fact remains.  Defendants' Motion for Summary Judgment [55] should be granted, and Final Judgment in Defendants' favor should be entered.  The case should be finally dismissed with prejudice.

In accordance with the rules and 28 U.S.C. § 636(b)(1), a party may serve and file written objections to these recommendations within 14 days after service.  The parties are hereby notified that the failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 10th day of September, 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE